UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

|  |  |  |
|---|---|---|
| ANTHONY DANIEL SMITH, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0: 20-075-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL CORRECTION INSTITUTION | ) | **MEMORANDUM OPINION** |
| ASHLAND, et al., | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Anthony Daniel Smith, Jr. is currently confined at the Federal Correctional Institution-Ashland ("FCI-Ashland") located in Ashland, Kentucky.  Proceeding without an attorney, Smith has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 through which he seeks to challenge the validity of his conviction.  [Record No. 1]  The matter is before the Court for initial screening as required by 28 U.S.C. § 2243.  *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]  Because Smith is not entitled to the relief sought, his petition will be denied.

## I.

In July 2008, Smith was charged in a Second Superseding Indictment issued by a grand jury seated in the United States District Court for the Eastern District of North Carolina with one count of conspiring to distribute, and possessing with the intent to distribute, marijuana in

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

violation of 21 U.S.C. §§ 841(a)(1), 846 (Count One); one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(a) and 2 and aiding and abetting another in doing so (Count Two); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count Three).  *United States v. Anthony Daniel Smith, Jr.*, No. 7:07-cr-101-BR-1 (E.D. N.C. 2007) at Record No. 61.  Prior to trial, Smith and the United States jointly filed agreed stipulations, which included an acknowledgement that Smith was "a convicted felon, was convicted of at least one felony, punishable by imprisonment for a term exceeding one year, prior to November 13, 2005,[2] and has not been pardoned or had his civil rights restored."  *Id.* at Record No. 111, p. 2, ¶8. Regarding Count Three, the jury instructions included an explanation that "the parties have agreed or stipulated that prior to the date of the alleged offense, each defendant had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, and that each defendant's right to possess a firearm had not been restored."  *Id.* at Record No. 128, p. 23.

On January 8, 2009, a jury found Smith guilty of all three Counts charged in the Second Superseding Indictment.  *Id.* at Record No. 139.  On July 13, 2009, Smith was sentenced to a term of imprisonment of 60 months regarding Count One; 120 months regarding Count Three, to run concurrently with Count One; and 240 months regarding Count Two, to run consecutively with Counts One and Three, for a total term of imprisonment of 360 months. *Id.* at Record No. 143.  Smith's conviction was later affirmed by the United States Court of

---

[2] The Second Superseding Indictment charged that the conduct giving rise to the Counts of the Indictment occurred on or about November 13, 2005.  *Id.* at Record No. 61.

Appeals for the Fourth Circuit. *United States v. Anthony Daniel Smith, Jr.*, No. 09-4654 (4th Cir. June 18, 2010).

In October 2011, Smith filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He argued that his counsel was ineffective and that his criminal history was improperly calculated for sentencing purposes. *See United States v. Anthony Daniel Smith, Jr.*, No. 7:07-cr-101-BR-1 (E.D. N.C. 2007) at Record No. 175. However, Smith's motion was denied by the District Court. *Id*. at Record No. 198. In July 2017, after receiving authorization for the filing, Smith filed a second or successive motion pursuant to 28 U.S.C. § 2255 seeking relief from his sentence in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). This motion also was denied by the District Court. *Id*. at Record No. 216, 218. Thereafter, the United States Court of Appeals for the Fourth Circuit declined Smith's request to issue a certificate of appealability and dismissed Smith's appeal. *United States v. Anthony Daniel Smith, Jr.*, No. 17-7100 (4th Cir. Feb. 2, 2018). Smith's subsequent efforts to obtain relief from his sentence in the District Court have all been denied. *United States v. Anthony Daniel Smith, Jr.*, No. 7:07-cr-101-BR-1 (E.D. N.C. 2007) at Record No. 229 (dismissing motion pursuant to Rule 60(b)(6)); Record No. 234 (denying motion to reduce sentence in light of the First Step Act).

Smith now seeks relief from this Court pursuant to 28 U.S.C. § 2241. [Record No. 1] In his current petition, Smith argues that he is entitled to relief in light of the United States Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Specifically, he argues that his sentence was "mandatorily enhanced" for a reason excluded by *Rehaif* and "it is more likely than not that no reasonable juror would have convicted him of the § 924(c) conviction." [Record No. 1 at p. 3; Record No. 1-1] Smith seeks to bring his claims

in this § 2241 petition via the "savings clause" of 28 U.S.C. § 2255(e), arguing that a § 2255 motion is inadequate. [Record No. 1 at p. 1] Smith's petition must be denied because he is not entitled to habeas relief.

## II.

Smith's bare-bones petition contains no argument nor explanation of the basis for his claims. Instead, the only explanation he offers is that, in light of *Rehaif*, it is more likely than not that no reasonable juror would have convicted of "the § 924(c) conviction." [Record No. 1 at p. 3][3] While *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), the Court cannot create claims or allegations that a plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."). Smith's failure to meaningfully develop any facts or argument in support the claim that he is entitled to relief under *Rehaif* is, standing alone, a sufficient reason to deny his petition. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").

Putting aside the above deficiency with his filing, Smith purports to rely on *Rehaif* to challenge his "§ 924(c)" conviction of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(a). [Record No. 1 at p. 4] In *Rehaif*, the Supreme Court addressed the government's burden of proof in prosecuting a defendant charged with

---

[3] In the "Supporting Facts" section of the form petition in which Smith is instructed to "tell your story briefly without citing cases or law," Smith states, "See separate memorandum filed at later date." [Record No. 1 at p. 5] However, habeas petitioners may not generally proceed by presenting claims piecemeal, but should instead include all of their arguments for relief in their petition. Moreover, over two weeks have passed since Smith filed his petition and the Court has received no further pleadings from him.

belonging to a category of individuals (such as felons or aliens who are illegally or unlawfully in the United States) prohibited from possessing firearms, holding that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.Ct. at 2200.  However, *Rehaif* did not address the requirements for prosecuting a defendant charged with possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(a).  Thus, Smith's claim that he is entitled to relief from his "§ 924(c)" conviction in light of *Rehaif* is without merit.

But even if the Court construed Smith's petition as challenging his Count Three conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and § 924(a)(2) (the crime at issue in *Rehaif*), his § 2241 petition still does not present a valid claim for relief.  Generally, a federal prisoner must challenge the legality of his conviction or sentence by filing a motion under § 2255 with the trial court.  *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 2003).   A narrow exception to this rule is set forth in § 2255(e) and permits a petitioner to challenge his conviction in a § 2241 petition, but only if he can demonstrate that he is "actually innocent" of committing the underlying criminal offense.  *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001).  To do so, a petitioner must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him...[and] that 'actual innocence' means factual innocence, not mere legal insufficiency."  *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614 (1998)).  To establish "factual innocence" based on an intervening change in the law, the petition must demonstrate:

(1)  the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten*, 677 F.3d at 307-08.  Smith cannot meet these requirements.

Although *Rehaif* is a new interpretation of statutory law issued after Smith's appeals and post-conviction motions for relief, the Supreme Court's newly-announced interpretation relied upon by the petitioner must be retroactively applicable to cases on collateral review.  *Id.* at 308.  While the United States Court of Appeals for the Sixth Circuit has not yet addressed this issue, the Eleventh Circuit Court of Appeals has specifically held that the Supreme Court has *not* made the *Rehaif* decision retroactively applicable to cases on collateral review.  *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019).  *See also In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019).

Nor can Smith establish that "no reasonable juror" would have convicted him had they been instructed in accordance with the holding in *Rehaif*.  After *Rehaif*, in a prosecution for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and § 924(a)(2), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.Ct. at 2200.  Thus, to be entitled to relief in light of *Rehaif*, Smith must show that, had the Government been required to prove that he knew he was a felon at the time that he possessed the firearm, it is more likely than not that no reasonable jury would have convicted him of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

In this case, Smith agreed that he was a convicted felon at the time of the events charged in the Second Superseding Indictment.  *United States v. Anthony Daniel Smith, Jr.*, No. 7:07-

cr-101-BR-1 (E.D. N.C. 2007) at Record No. 111, p. 2, ¶8.  "And a jury [may] infer from [a defendant's] stipulation to his prior felony conviction the requisite knowledge of his status for a § 922(g)(1) violation."  *United States v. Raymore*, No. 19-3703, --- F.3d ----, 2020 WL 3956861, at *7 (6th Cir. July 13, 2020) (citing *United States v. Conley*, 802 F.App'x 919, 923 (6th Cir. 2020) ("Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it.")

In *Conley*, the Sixth Circuit concluded that the failure of jury instructions to comply with the requirements of *Rehaif* did not constitute reversible plain error, where the defendant undoubtedly knew he was a felon in possession when he possessed firearms based on multiple prior convictions, plus the defendant stipulated at trial that he was a felon at the time of his firearm possession.  *Id*. at 923.  Similarly, in *Raymore*, a case involving a defendant with multiple prior convictions who also stipulated at trial that he was a felon at the time of his firearm possession, the Sixth Circuit concluded that "[a]ny failure to instruct the jury that a conviction required a finding that [the defendant] knew his status did not affect his substantial rights or the fairness, integrity, or public reputation of the trial."  *Raymore*, No. 19-3703, 2020 WL 3956861, at *8 (citing *Conley*, 802 F. App'x at 923).

Here, as in *Conley* and *Raymore*, in addition to the stipulation to his status as a felon, Smith also had multiple prior felonies.  In fact, he had served several significant prison sentences as a result of  his prior convictions.  *See United States v. Anthony Daniel Smith, Jr.*, No. 7:07-cr-101-BR-1 (E.D. N.C. 2007) at Record No. 83, p. 1-2 (Notice of Intent to Seek Enhanced Penalty Pursuant to 21 U.S.C. § 851 filed by the United States, noting that Smith's prior convictions included a May 12, 1998, North Carolina state conviction for possession with intent to sell/deliver cocaine and possession with intent to distribute cocaine to which Smith

pled guilty and was sentenced to 8-10 months in custody; a January 13, 2003 North Carolina state conviction for attempted trafficking in cocaine to which Smith pled guilty and was sentenced to 14-17 months in custody; and an August 20, 2002 North Carolina state conviction for two counts of possession with intent to distribute cocaine, manufacturing a schedule II controlled substance and possession of cocaine, to which Smith pled guilty and was sentenced to 10-12 months in custody). *See also id*. at R. 82 p. 1-2 (Notice of Intent to Offer Evidence Under Rule 404(b), describing Smith's lengthy criminal history, including convictions for attempted assault with a deadly weapon with intent to kill in 1997 and a guilty plea to accessory after the fact in 2002 for his role in hiding a murder weapon).

Given Smith's lengthy criminal history (including several prison sentences), plus his stipulation that he was a felon at the time of the conduct charged in the indictment, no reasonable juror could have concluded that Smith did not know that he was a felon when he possessed the firearms as charged in the Second Superseding Indictment. Accordingly, his attempt to seek relief under *Rehaif* fails.

Accordingly, it is hereby

**ORDERS** as follows:

1.    Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2.    This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: July 15, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky